[Civ. No. 9953.   Third Dist.   Jan. 12, 1961.]

DANIEL SWEENEY, Respondent, v. ANNA MAE BOWLES et al., Appellants.

Melvin S. Johnsen and Charles V. Moore for Appellants.

Kasch & Cook for Respondent.

WARNE, J. pro tem.*—Respondent, the natural father of two minor children, brought action to have two prior decrees of the Superior Court of Humboldt County vacated and set aside. These decrees were entered January 21, 1955. One was a decree declaring the two children free of respondent's custody and control. The other was a decree of adoption wherein the minors were adopted by appellants. In this action the trial court set aside both decrees. Appellants appeal from this decision.

On November 4, 1953, appellants filed in the Superior Court of Humboldt County their petition for the adoption of the two minors alleging *inter alia* that the natural mother of the minors had by court decree been awarded full care, custody and control of the children; that the children had been in the care of petitioners for a number of years; and that the natural father had not supported the children for over one year last past, he having the ability to do so. The State Department of Social Welfare was notified of the filing of the petition for adoption and thereafter filed its report, attached to which was the consent of the natural mother. The department recommended that the best interests of the children would be served by the adoption and that the home of the petitioners was suitable, but stated the belief of the department was that the children were not legally free for adoption. The department gave its consent to the adoption, but recommended that the petition be granted "provided the children are declared free

---

*Assigned by Chairman of Judicial Council.

from the custody and control of their natural father under Section 701 of the Welfare and Institutions Code.'' The file of the adoption proceeding was introduced in evidence in this action. It does not appear affirmatively therefrom that the father was served with notice of the petition for adoption. On January 21, 1955, the court rendered its adoption decree finding that all of the allegations of the petition for adoption were true.

Prior to the entry of the decree of adoption appellants William and Anna Bowles petitioned the Superior Court of Humboldt County to have the minors declared free from the custody and control of their father, respondent herein. The record in that proceeding was introduced in evidence at the trial of this action. It shows that the natural father of the minors, respondent herein, was served with citation by publication as being resident in the State of Washington. The abandonment proceeding terminated in an order declaring the children free from the father's custody. Respondent herein did not appear in either proceeding.

In this action to have the two decrees we have referred to set aside it was the theory of respondent, first, that the decree in the proceeding to have the children declared free from his custody and control, which we shall call the abandonment proceeding, was void because although, as found by the court in its decree, he had been served with process pursuant to section 778 of the Welfare and Institutions Code, relatives residing in the State of California had not been served as required by section 777 of said code; that this defect rendered the abandonment decree void; and that in turn the adoption decree, lacking the support of a valid abandonment decree, was likewise void.

Given service on the respondent, the failure to serve resident relatives pursuant to said section 777 of the Welfare and Institutions Code does not render the ensuing decree subject to the collateral attack of the father. (See Welf. & Inst. Code, § 786; *Estate of Smith,* 86 Cal.App.2d 456, 468 [195 P.2d 842].) The superior court had jurisdiction of the subject matter in both proceedings. (*Walter* v. *August,* 186 Cal.App.2d 395 [8 Cal.Rptr. 778].) It had jurisdiction in the abandonment proceeding of the parties, that is, of the petitioners and of the father through constructive service upon him, and the jurisdiction to render the abandonment decree was not lost through failure to serve resident relatives. The interests of the father are separate, distinct and apart from the interests of resident relatives. (See Prob. Code, § 1407.) The

section governing service of process upon the father is complete in itself and independent of the statute requiring service of process upon resident relatives. (Welf. & Inst. Code, § 778.)

It is apparent that the trial court believed that the failure to serve resident relatives rendered the entire proceeding defective and the entire decree therein void as to all persons; that the result of such invalidity was that the adoption decree likewise was void. (*Walter* v. *August, supra.*) In this, the court was in error. The attack here is being made by the father over whom jurisdiction had been obtained in the abandonment proceeding by constructive service of process upon him. The order declaring the children free of respondent's custody and control is valid. The result is that it was unnecessary to obtain the father's consent in the adoption proceeding, or to serve him with process therein, with the final result that the adoption decree is valid against the attack made upon it by the father in this proceeding.

The judgment appealed from is reversed.

Van Dyke, P. J., and Peek, J., concurred.